UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CYNTHIA GEORGE. ) <br> ) <br> *Plaintiff* ) <br> ) <br> v. ) <br> ) <br> KIRKWOOD PLACE, LLC, RFM ) <br> DEVELOPMENT COMPANY, W.R. ) <br> NEWMAN & ASSOCIATES, INC., AND ) <br> HZ KIRKWOOD DST ) <br> ) <br> *Defendants.* ) | Case No. 3:23-cv-01218 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair Newbern <br><br> JURY DEMAND |

### JOINT MOTION TO AMEND CASE MANAGEMENT ORDER AND MEMORANDUM IN SUPPORT THEREOF

Plaintiff Cynthia George ("Plaintiff") and Defendants Kirkwood Place, LLC; RFM Development Company; W.R. Newman & Associates, Inc.; and HZ Kirkwood DST ("Defendants"), by and through the undersigned counsel, jointly move the Court to amend the Initial Case Management Order in the above-captioned matter.

1. On January 31, 2024, the Court entered an Initial Case Management Order ("CMO") in this matter (Doc. No. 24).

2. The parties have been diligent in meeting the requirements and deadlines in the original Scheduling Order, but seek more time to serve additional written discovery requests, to move the Court to amend or add parties, and to make a first attempt at resolution.

3. Defendants recently received Plaintiff's expert designation and report on May 10, 2024.

4. Based on that document, Defendant Kirkwood Place, LLC ("Kirkwood") intends to seek leave of court to file a third-party complaint in this matter against the architect responsible for designing the apartment complex that is the subject of this action.

5. Plaintiff and the other defendants have indicated they will not oppose the motion to add the architect, which Kirkwood expects to file in the next week or two, pending some preliminary opinions from its expert.

6. Further, other parties are considering whether to also seek leave of Court to add parties to this lawsuit, and possibly cross-claims, and request more time to make those determinations. Plaintiff reserves the right to object to adding additional parties if it is not done promptly and will unduly delay resolution of the case. It is Plaintiff's position that Defendants should have sufficient information at this point to identify and add any parties that have material responsibility for the design or construction of the Property. It is Defendants' position that they need time for their own experts to review and at least provide preliminary opinions regarding the violations alleged in Plaintiff's expert report.

7. The parties would like to have time for these parties to be added to the lawsuit so they can comply with their obligations to serve written discovery requests and engage in a more meaningful first attempt at resolving this matter.

8. The parties request to modify the following dates in the CMO as follows:

| Event | Current Date | Requested Date |
|---|---|---|
| Service of written discovery requests | May 24, 2024 | June 14, 2024 |
| Motions to amend or add parties | May 24, 2024 | July 15, 2024 |
| First attempt at resolution | May 31, 2024 | July 30, 2024 |

9. As set forth below, all other dates in the CMO would remain the same, including the deadlines to file discovery motions and dispositive motions, and the trial date, and will still conform to the requirements of Local Rule 16.01(h)(1):

| Event | Date |
|---|---|
| Plaintiff's disclosure of experts | May 24, 2024 |
| Defendants' disclosure of experts | July 25, 2024 |
| Completion of expert depositions | August 30, 2024 |
| Completion of written discovery and fact depositions | October 25, 2024 |
| Dispositive motions | November 22, 2024 |
| Trial | June 17, 2025 |

10. Under Fed. R. Civ. P. 16(b)(4), a scheduling order may be modified for good cause and with the judge's consent.

11. "When evaluating whether to amend the scheduling order, the court should consider the totality of the circumstances, along with the requesting party's diligence in meeting the requirements of the original order and any resulting prejudice to the side opposing the amendment of the order." *Campos v. MTD Prod., Inc.*, No. 2:07-CV-00029, 2009 WL 2252257, at *12 (M.D. Tenn. July 24, 2009) (citing *Andretti v. Borla Performance Indus., Inc.,* 426 F.3d 824, 830 (6th Cir. 2005)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 377 (6th Cir. 2009) (quoting *Inge v. Rock Fin. Corp.,* 281 F.3d 613, 625 (6th Cir. 2002)).

12. Considering the parties' diligence in complying with the current CMO, the potential wastefulness of serving written discovery and making an attempt at resolution without all necessary parties, the parties submit that good cause exists to amend the current CMO.

13. For the foregoing reasons, the parties jointly move the Court to amend the current CMO as set forth herein.

Dated: May 23, 2024

Respectfully submitted,

| | |
|---|---|
| *s/ Eric G. Calhoun* | *s/ Thomas B. Hall* |
| Eric G. Calhoun | Thomas B. Hall (TN BPR # 36816) |
| Texas Bar No. 03638800 | Sherrard Roe Voigt & Harbison, PLC |
| 1595 N. Central Expressway | 150 Third Avenue South, Suite 1100 |
| Richardson, Texas 75080 | Nashville, Tennessee 37201 |
| Telephone: (214) 766-8100 | (615) 742-4200 |
| Facsimile: (214) 308-1947 | thall@srvhlaw.com |
| eric@ecalhounlaw.com | |
| egcla@ecalhounlaw.com (Assistant) | *Attorney for Defendant W.R. Newman & Associates, Inc.* |

M. Todd Sandahl (TN BPR # 019167)
Attorney at Law
234 First Avenue South
Franklin, Tennessee 37064
Telephone: (615) 794-3450
tsandahl@mtslaw.com

*s/ Erin Palmer Polly*
Erin Palmer Polly (TN BPR # 22221)
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
Facsimile: (615) 780-6799
erin.polly@klgates.com

*Attorneys for Plaintiff Cynthia George*

*s/ Brian M. Dobbs*
Brian M. Dobbs (TN BPR # 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
bdobbs@bassberry.com

Craig Leen (Admitted *Pro Hac Vice*)
K&L Gates LLP
1601 K Street, NW
Washington, DC 20006
Telephone: (202) 778-9000
craig.leen@klgates.com

*Attorney for Defendants Kirkwood Place, LLC and RFM Development Company*

*Attorneys for Defendant HZ Kirkwood DST*

4

**CERTIFICATE OF SERVICE**

       I certify that on May 23, 2024, a copy of the foregoing was electronically filed via CM/ECF, which will provide electronic service to the following:

| | |
|---|---|
| Eric G. Calhoun<br>1595 N. Central Expressway<br>Richardson, Texas 75080<br>eric@ecalhounlaw.com<br>egcla@ecalhounlaw.com (Assistant)<br><br>and<br><br>M. Todd Sandahl<br>234 First Avenue South<br>Franklin, Tennessee 37064<br>tsandahl@mtslaw.com<br><br>*Attorneys for Plaintiff* | Thomas B. Hall<br>Sherrard Roe Voigt & Harbison, PLC<br>150 Third Avenue South, Suite 1100<br>Nashville, Tennessee 37201<br>thall@srvhlaw.com<br><br>*Attorney for Defendant W.R. Newman & Associates, Inc.*<br><br>Erin Palmer Polly<br>K&L Gates LLP<br>501 Commerce Street, Suite 1500<br>Nashville, Tennessee 37203<br>erin.polly@klgates.com<br><br>Craig Leen<br>K&L Gates LLP<br>1601 K Street, NW<br>Washington, DC 20006<br>craig.leen@klgates.com<br><br>*Attorneys for Defendant HZ Kirkwood DST* |

                                                                  *s/ Brian M. Dobbs*

5

Case 3:23-cv-01218    Document 33    Filed 05/24/24    Page 5 of 5 PageID #: 158