| | |
|---|---|
| CYNTHIA GEORGE, | ) |
|     *Plaintiff,* | ) Case No. 3:23-cv-01218 |
| v. | ) Chief Judge Waverly D. Crenshaw, Jr. |
| | ) Magistrate Judge Alistair Newbern |
| KIRKWOOD PLACE, LLC; RFM DEVELOPMENT COMPANY; W.R. NEWMAN & ASSOCIATES, INC.; and HZ KIRKWOOD DST, | ) JURY DEMAND |
|     *Defendants,* | ) |
| and | ) |
| KIRKWOOD PLACE, LLC, | ) |
|     *Third-Party Plaintiff,* | ) |
| v. | ) |
| BERNARD L. WEINSTEIN d/b/a BERNARD L. WEINSTEIN & ASSOCIATES; BERNARD L. WEINSTEIN & ASSOCIATES, LLC; DBS & ASSOCIATES ENGINEERING, INC.; AND TTL, INC., | ) |
|     *Third-Party Defendants.* | ) |

## KIRKWOOD PLACE, LLC'S THIRD-PARTY COMPLAINT

Kirkwood Place, LLC ("KPL"), pursuant to Federal Rule of Civil Procedure 14, states as follows for its third-party complaint:

## PARTIES

1. KPL is a Tennessee limited liability company with its principal office located at 104 Woodmont Boulevard, Suite 405, Nashville, Tennessee.

2. Bernard L. Weinstein, doing business as Bernard L. Weinstein & Associates, is a Tennessee resident who may be found and served at 6632 Brookmont Terrace, Nashville, Tennessee.

3. Bernard L. Weinstein & Associates, LLC is a Tennessee limited liability company with its principal office located at 2037 Bocage Circle, Nolensville, Tennessee, where it may also be served with process through its registered agent, Khamphanh Panyavong.

4. Based on present information and belief, DBS & Associates Engineering, Inc. is a Tennessee corporation with its principal office located at 330 N. 2nd Street, Clarksville, Tennessee, and may be served with process at 330 N. 2nd Street, Clarksville, Tennessee.

5. TTL, Inc. is a Tennessee corporation with its principal office located in Tuscaloosa, Alabama, and may be served with process through its registered agent, CT Corporation System, at 300 Montvue Road, Knoxville, Tennessee.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Bernard L. Weinstein, doing business as Bernard L. Weinstein & Associates, Bernard L. Weinstein & Associates, LLC, DBS & Associates Engineering, Inc, and TTL, Inc. because they are located and/or do substantial business in this judicial district.

## FACTS

8. KPL and Bernard L. Weinstein, doing business as Bernard L. Weinstein & Associates, entered into an AIA Document B108-2009 standard form of agreement between owner and architect, dated July 10, 2019 (the " BLWA Agreement"), for certain design and construction administration services for the apartment complex known as Kirkwood Place, located at 2934

2

Case 3:23-cv-01218    Document 37    Filed 07/15/24    Page 2 of 12 PageID #: 366

Dunlop Lane, Clarksville, Tennessee (the "Project"). A true and correct copy of the Agreement is attached as Exhibit A.

9. Upon present information and belief, Bernard L. Weinstein & Associates, LLC is the successor in interest to or has otherwise assumed the obligations of Bernard L. Weinstein, doing business as Bernard L. Weinstein & Associates, set forth in the BLWA Agreement (collectively, Bernard L. Weinstein, doing business as Bernard L. Weinstein & Associates, and Bernard L. Weinstein & Associates, LLC are referred to herein as "BLWA").

10. Under the BLWA Agreement, BLWA agreed that its services for the Project would comply with, among other things, the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. § 100.205.

11. KPL and DBS & Associates Engineering, Inc., entered into an AIA Document B108-2009 standard form of agreement between owner and architect, dated August, 29, 2019 (the "DBS Agreement"), for certain design and construction administration services for the Project. A true and correct copy of the Agreement is attached as Exhibit B.

12. Upon present information and belief, TTL, Inc. is the successor in interest to or has otherwise assumed the obligations of DBS & Associates Engineering, Inc. set forth in the DBS Agreement (collectively, DBS & Associates Engineering, Inc. and TTL, Inc. are referred to herein as "DBS").

13. Under the DBS Agreement, DBS agreed that its services for the Project would comply with, among other things, the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. § 100.205.

14. Plaintiff's Complaint alleges that the Project was not designed in compliance with 24 C.F.R. § 100.205(c)(1) and 24 C.F.R. § 100.205(c)(3)(iv) with respect to, among other things,

3

restrooms in public areas, the centralized mailbox center and bathrooms of the dwelling units. *See* ECF Doc. 1, ¶¶ 35 & 36.

15. On May 10, 2024, KPL received a copy of Plaintiff's expert witness report, which claims, among other things, that the Project fails to comply with the design requirements of 24 C.F.R. § 100.205. A true and correct copy of Plaintiff's expert witness report is attached as Exhibit C. The report details alleged issues with many areas of the Project that were designed by BLWA and DBS, including the sidewalks, dog park, playground, clubhouse, pool and patio area, and the dwelling units.

16. Upon present information and belief, some or all of the violations of 24 C.F.R. § 100.205 alleged in Plaintiff's Complaint and/or Plaintiff's expert witness report are due to acts and/or omissions of both BLWA and DBS.

## **COUNT I – BREACH OF CONTRACT AGAINST BLWA**

17. KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

18. The BLWA Agreement constitutes a valid, binding and enforceable contract between KPL and BLWA.

19. KPL has fully performed its obligations under the BLWA Agreement.

20. Pursuant to the BLWA Agreement, BLWA was obligated to perform its services for the Project in compliance with the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. § 100.205.

21. Upon present information and belief, BLWA has breached these obligations as set forth in Plaintiff's Complaint and expert report.

4

22.     KPL is currently investigating and evaluating Plaintiff's expert report and the conditions at the Project, and through these efforts it may discover additional or other breaches of the BLWA Agreement.

23.     To the extent that BLWA did not perform its services for the Project in compliance with the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. § 100.205, KPL has been and will continue to be damaged, both actually and proximately, in the ways set forth herein, and is entitled to monetary relief in an amount to be proven at trial.

## COUNT II – BREACH OF CONTRACT AGAINST DBS

24.     KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

25.     The DBS Agreement constitutes a valid, binding and enforceable contract between KPL and DBS.

26.     KPL has fully performed its obligations under the DBS Agreement.

27.     Pursuant to the DBS Agreement, DBS was obligated to perform its services for the Project in compliance with the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. § 100.205.

28.     Upon present information and belief, DBS has breached these obligations as set forth in Plaintiff's Complaint and expert report.

29.     KPL is currently investigating and evaluating Plaintiff's expert report and the conditions at the Project, and through these efforts it may discover additional or other breaches of the DBS Agreement.

30.     To the extent that DBS did not perform its services for the Project in compliance with the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. §

100.205, KPL has been and will continue to be damaged, both actually and proximately, in the ways set forth herein, and is entitled to monetary relief in an amount to be proven at trial.

## COUNT III – NEGLIGENCE AGAINST BLWA

31. KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

32. BLWA owed KPL duties of reasonable care and competence in performing its services for the Project in a manner so that its services and the Project would comply with federal laws and regulations, including the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. § 100.205.

33. Upon present information and belief, BLWA has breached these duties as set forth in Plaintiff's Complaint and expert report.

34. KPL is currently investigating and evaluating Plaintiff's expert report and the conditions at the Project, and through these efforts it may discover additional or other breaches of BLWA's duties.

35. To the extent that BLWA did not perform its services for the Project in compliance with duties of reasonable care and competence, KPL has been and will continue to be damaged, both actually and proximately, in the ways set forth herein, and is entitled to monetary relief in an amount to be proven at trial.

## COUNT IV – NEGLIGENCE AGAINST DBS

36. KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

37. DBS owed KPL duties of reasonable care and competence in performing its services for the Project in a manner so that its services and the Project would comply with federal

laws and regulations, including the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. § 100.205.

38. Upon present information and belief, DBS has breached these duties as set forth in Plaintiff's Complaint and expert report.

39. KPL is currently investigating and evaluating Plaintiff's expert report and the conditions at the Project, and through these efforts it may discover additional or other breaches of DBS's duties.

40. To the extent that DBS did not perform its services for the Project in compliance with duties of reasonable care and competence, KPL has been and will continue to be damaged, both actually and proximately, in the ways set forth herein, and is entitled to monetary relief in an amount to be proven at trial.

## **COUNT V – PROFESSIONAL NEGLIGENCE AGAINST BLWA**

41. KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

42. BLWA owed KPL duties of care and competence to perform its services for the Project in a manner consistent with the standard of care required of architects so that its services and the Project would comply with federal laws and regulations, including the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. §100.205.

43. Upon present information and belief, BLWA has breached these duties as set forth in Plaintiff's Complaint and expert report.

44. KPL is currently investigating and evaluating Plaintiff's expert report and the conditions at the Project, and through these efforts it may discover additional or other breaches of BLWA's duties.

7

45. To the extent that BLWA did not perform its services for the Project in compliance with the standard of care required of architects, KPL has been and will continue to be damaged, both actually and proximately, in the ways set forth herein, and is entitled to monetary relief in an amount to be proven at trial.

### COUNT VI – PROFESSIONAL NEGLIGENCE AGAINST DBS

46. KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

47. DBS owed KPL duties of care and competence to perform its services for the Project in a manner consistent with the standard of care required of engineers so that its services and the Project would comply with federal laws and regulations, including the accessible design and construction requirements of the Fair Housing Act, 24 C.F.R. §100.205.

48. Upon present information and belief, DBS has breached these duties as set forth in Plaintiff's Complaint and expert report.

49. KPL is currently investigating and evaluating Plaintiff's expert report and the conditions at the Project, and through these efforts it may discover additional or other breaches of DBS's duties.

50. To the extent that DBS did not perform its services for the Project in compliance with the standard of care required of engineers, KPL has been and will continue to be damaged, both actually and proximately, in the ways set forth herein, and is entitled to monetary relief in an amount to be proven at trial.

### COUNT VII – COMPARATIVE IMPLIED CONTRACTUAL INDEMNITY AGAINST BLWA

51. KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

52. Upon present information and belief, BLWA has engaged in tortious conduct as set forth herein.

53. Indemnification from BLWA to KPL for BLWA's tortious conduct is a necessary element of the parties' relationship under the BLWA Agreement, and justice and fairness demand that the burden of paying for any loss caused by BLWA's tortious conduct be shifted to BLWA to the extent such loss is caused by BLWA's tortious conduct.

54. Therefore, KPL hereby demands that BLWA be ordered to indemnify and hold KPL harmless from any damages assessed against KPL in this action to the extent such damages are caused by BLWA's tortious conduct.

## COUNT VIII – COMPARATIVE IMPLIED CONTRACTUAL INDEMNITY AGAINST DBS

55. KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

56. Upon present information and belief, DBS has engaged in tortious conduct as set forth herein.

57. Indemnification from DBS to KPL for DBS's tortious conduct is a necessary element of the parties' relationship under the DBS Agreement, and justice and fairness demand that the burden of paying for any loss caused by DBS's tortious conduct be shifted to DBS to the extent such loss is caused by DBS's tortious conduct.

58. Therefore, KPL hereby demands that DBS be ordered to indemnify and hold KPL harmless from any damages assessed against KPL in this action to the extent such damages are caused by DBS's tortious conduct.

## COUNT IX – EQUITABLE CONTRIBUTION AGAINST BLWA

59. KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

60. Upon present information and belief, Plaintiff seeks to impose liability upon KPL for the tortious conduct of BLWA.

61. Principles of justice and fairness demand that BLWA contribute its proportional share to KPL for its tortious conduct to the extent that KPL is assessed damages caused by BLWA's tortious conduct.

62. Therefore, KPL hereby demands that BLWA be ordered to contribute its proportional share to any judgment rendered against KPL to the extent that KPL is held liable for BLWA's tortious conduct.

## COUNT X – EQUITABLE CONTRIBUTION AGAINST DBS

63. KPL realleges and incorporates the foregoing paragraphs as if set forth in full herein.

64. Upon present information and belief, Plaintiff seeks to impose liability upon KPL for the tortious conduct of DBS.

65. Principles of justice and fairness demand that DBS contribute its proportional share to KPL for its tortious conduct to the extent that KPL is assessed damages caused by DBS's tortious conduct.

66. Therefore, KPL hereby demands that DBS be ordered to contribute its proportional share to any judgment rendered against KPL to the extent that KPL is held liable for DBS's tortious conduct.

## RELIEF REQUESTED

WHEREFORE, KPL requests the following relief against BLWA and DBS:

1. A judgment for compensatory damages against BLWA and DBS in an amount to be proven at trial, including the costs to remedy any violations for which KPL is held responsible;

2. An award of pre- and post-judgment interest thereon;

3. An award of KPL's fees and costs (including attorneys' and experts' fees and expenses) incurred with respect to this matter, to the extent permitted by applicable law; and

4. An award of any such other relief to which KPL may be entitled.

Dated: July 12, 2024

Respectfully submitted,

*s/ Brian M. Dobbs*
Brian M. Dobbs (TN BPR # 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
bdobbs@bassberry.com

*Attorneys for Defendants Kirkwood Place, LLC and RFM Development Company*

**CERTIFICATE OF SERVICE**

       I certify that on July 12, 2024, a copy of the foregoing was electronically filed via CM/ECF, which will provide electronic service to the following:

| | |
|---|---|
| Eric G. Calhoun<br>1595 N. Central Expressway<br>Richardson, Texas 75080<br>eric@ecalhounlaw.com<br>egcla@ecalhounlaw.com (Assistant)<br><br>and<br><br>M. Todd Sandahl<br>234 First Avenue South<br>Franklin, Tennessee 37064<br>tsandahl@mtslaw.com<br><br>*Attorneys for Plaintiff* | Thomas B. Hall<br>Sherrard Roe Voigt & Harbison, PLC<br>150 Third Avenue South, Suite 1100<br>Nashville, Tennessee 37201<br>thall@srvhlaw.com<br><br>*Attorney for Defendant W.R. Newman & Associates, Inc.*<br><br>Erin Palmer Polly<br>K&L Gates LLP<br>501 Commerce Street, Suite 1500<br>Nashville, Tennessee 37203<br>erin.polly@klgates.com<br><br>Craig Leen (admitted *pro hac vice*)<br>K&L Gates LLP<br>1601 K Street, NW<br>Washington, DC 20006<br>craig.leen@klgates.com<br><br>*Attorneys for Defendant HZ Kirkwood DST* |

                                                    *s/ Brian M. Dobbs*