# UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF TENNESSEE AT NASHVILLE

| | |
|---|---|
| **CYNTHIA GEORGE,** | |
| Plaintiff(s), | |
| vs. | Case No.: 3:23-cv-01218 |
| **KIRKWOOD PLACE, LLC; RFM DEVELOPMENT COMPANY; W.R. NEWMAN & ASSOCIATES, INC.; AND HZ KIRKWOOD DST** | Chief Judge Waverly D. Crenshaw, Jr., Magistrate Alistair Newbern |
| and | **JURY DEMAND** |
| **KIRKWOOD PLACE, LLC,** | |
| Third-Party Plaintiff, | |
| vs. | |
| **BERNARD L. WEINSTEIN d/b/a BERNARD L. WEINSTEIN & ASSOCIATES; BERNARD L. WEINSTEIN & ASSOCIATES, LLC; DBS & ASSOCIATES ENGINEERING, INC.; and TTL, INC.,** | |
| Third-Party Defendant(s). | |

## ANSWER OF THIRD-PARTY DEFENDANTS DBS & ASSOCIATES ENGINEERING, INC. AND TTL, INC.

Come now third-party defendants DBS & Associates Engineering, Inc. and TTL, Inc. (hereinafter "DBS and TTL"), by and through counsel, and respond to the allegations set forth in the Third-Party Complaint filed by third-party plaintiff Kirkwood Place, LLC (hereinafter "KPL"), as follows:

## FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim against these third-party defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Answering the individually numbered paragraphs of the Third-Party Complaint, DBS and TTL say and aver as follows:

1. DBS and TTL do not have sufficient information to admit or deny the allegations set forth in paragraph 1 of the Third-Party Complaint, and therefore deny same and demand strict proof thereof where material.

2. DBS and TTL do not have sufficient information to admit or deny the allegations set forth in paragraph 2 of the Third-Party Complaint, and therefore deny same and demand strict proof thereof where material.

3. DBS and TTL do not have sufficient information to admit or deny the allegations set forth in paragraph 3 of the Third-Party Complaint, and therefore deny same and demand strict proof thereof where material.

4. DBS and TTL admit the allegations set forth in paragraph 4 of the Third-Party Complaint, except that DBS's corporate status is inactive and terminated.

5. DBS and TTL admit the allegations set forth in paragraph 5 of the Third-Party Complaint.

6. DBS and TTL admit the allegations set forth in paragraph 6 of the Third-Party Complaint.

7. DBS and TTL admit the allegations set forth in paragraph 7 of the Third-Party Complaint.

8. DBS and TTL do not have sufficient information to admit or deny the allegations set forth in paragraph 8 of the Third-Party Complaint, and therefore deny same and demand strict proof thereof where material.

9. DBS and TTL do not have sufficient information to admit or deny the allegations set forth in paragraph 9 of the Third-Party Complaint, and therefore deny same and demand strict proof thereof where material.

10. DBS and TTL do not have sufficient information to admit or deny the allegations set forth in paragraph 10 of the Third-Party Complaint, and therefore deny same and demand strict proof thereof where material.

11. DBS and TTL admit the allegations set forth in paragraph 11 of the Third-Party Complaint.

12. DBS and TTL admit the allegations set forth in paragraph 12 of the Third-Party Complaint.

13. The DBS agreement is a legal document that speaks for itself.

14. The original Complaint is a legal document that speaks for itself. DBS and TTL deny that any of their services failed to comply with applicable laws.

15. DBS and TTL do not have sufficient information to admit or deny the allegations set forth in paragraph 15 of the Third-Party Complaint, and therefore deny same and demand strict proof thereof where material.

16. DBS and TTL deny the allegations set forth in paragraph 16 of the Third-Party Complaint, to the extent they pertain to these third-party defendants.

## Count I – Breach of Contract Against BLWA

17. DBS and TTL incorporate by reference their responses to paragraphs 1 through 16 of the Third-Party Complaint as if fully set forth herein.

18. The allegations of paragraph 18 of the Third-party Complaint are directed to another defendant, and no response is required.

19. The allegations of paragraph 19 of the Third-party Complaint are directed to another defendant, and no response is required.

20. The allegations of paragraph 20 of the Third-party Complaint are directed to another defendant, and no response is required.

21. The allegations of paragraph 21 of the Third-party Complaint are directed to another defendant, and no response is required.

22. The allegations of paragraph 22 of the Third-party Complaint are directed to another defendant, and no response is required.

23. The allegations of paragraph 23 of the Third-party Complaint are directed to another defendant, and no response is required.

## Count II – Breach of Contract Against DBS

24. DBS and TTL incorporate by reference their responses to paragraphs 1 through 23 of the Third-Party Complaint as if fully set forth herein.

25. DBS and TTL admit the allegations set forth in paragraph 25 of the Third-Party Complaint.

26. DBS and TTL admit the allegations set forth in paragraph 26 of the Third-Party Complaint.

27. The DBS Agreement is a legal document that speaks for itself.

28. DBS and TTL deny the allegations set forth in paragraph 28 of the Third-Party Complaint.

29. DBS and TTL deny the allegations set forth in paragraph 29 of the Third-Party Complaint.

30. DBS and TTL deny the allegations set forth in paragraph 30 of the Third-Party Complaint.

## Count III – Negligence Against BLWA

31. DBS and TTL incorporate by reference their responses to paragraphs 1 through 30 of the Third-Party Complaint as if fully set forth herein.

32. The allegations of paragraph 32 of the Third-party Complaint are directed to another defendant, and no response is required.

33. The allegations of paragraph 33 of the Third-party Complaint are directed to another defendant, and no response is required.

34. The allegations of paragraph 34 of the Third-party Complaint are directed to another defendant, and no response is required.

35. The allegations of paragraph 35 of the Third-party Complaint are directed to another defendant, and no response is required.

## Count IV – Negligence Against DBS

36. DBS and TTL incorporate by reference their responses to paragraphs 1 through 35 of the Third-Party Complaint as if fully set forth herein.

37. DBS and TTL deny the allegations of paragraph 37 of the Third-Party Complaint, as stated. DBS and TTL admit that DBS owed its client the duty to perform its services in accordance with the applicable standard of professional care.

38. DBS and TTL deny the allegations set forth in paragraph 38 of the Third-Party Complaint.

39. DBS and TTL deny the allegations set forth in paragraph 39 of the Third-Party Complaint.

40. DBS and TTL deny the allegations set forth in paragraph 40 of the Third-Party Complaint.

**Count V – Professional Negligence Against BLWA**

41. DBS and TTL incorporate by reference their responses to paragraphs 1 through 40 of the Third-Party Complaint as if fully set forth herein.

42. The allegations of paragraph 42 of the Third-party Complaint are directed to another defendant, and no response is required.

43. The allegations of paragraph 43 of the Third-party Complaint are directed to another defendant, and no response is required.

44. The allegations of paragraph 44 of the Third-party Complaint are directed to another defendant, and no response is required.

45. The allegations of paragraph 45 of the Third-party Complaint are directed to another defendant, and no response is required.

**Count VI – Professional Negligence Against DBS**

46. DBS and TTL incorporate by reference their responses to paragraphs 1 through 45 of the Third-Party Complaint as if fully set forth herein.

47. DBS and TTL deny the allegations of paragraph 47 of the Third-Party Complaint, as stated. DBS and TTL admit that DBS owed its client the duty to perform its services in accordance with the applicable standard of professional care.

48. DBS and TTL deny the allegations set forth in paragraph 48 of the Third-Party Complaint.

49. DBS and TTL deny the allegations set forth in paragraph 49 of the Third-Party Complaint.

50. DBS and TTL deny the allegations set forth in paragraph 50 of the Third-Party Complaint.

**Count VII – Comparative Implied Contractual Indemnity Against BLWA**

51. DBS and TTL incorporate by reference their responses to paragraphs 1 through 50 of the Third-Party Complaint as if fully set forth herein.

52. The allegations of paragraph 52 of the Third-party Complaint are directed to another defendant, and no response is required.

53. The allegations of paragraph 53 of the Third-party Complaint are directed to another defendant, and no response is required.

54. The allegations of paragraph 54 of the Third-party Complaint are directed to another defendant, and no response is required.

**Count VIII – Comparative Implied Contractual Indemnity Against DBS**

55. DBS and TTL incorporate by reference their responses to paragraphs 1 through 54 of the Third-Party Complaint as if fully set forth herein.

56. DBS and TTL deny the allegations set forth in paragraph 56 of the Third-Party Complaint.

57. DBS and TTL deny the allegations set forth in paragraph 57 of the Third-Party Complaint.

58. DBS and TTL deny the allegations set forth in paragraph 58 of the Third-Party Complaint.

### Count IX – Equitable Contribution Against BLWA

59. DBS and TTL incorporate by reference their responses to paragraphs 1 through 58 of the Third-Party Complaint as if fully set forth herein.

60. The allegations of paragraph 60 of the Third-party Complaint are directed to another defendant, and no response is required.

61. The allegations of paragraph 61 of the Third-party Complaint are directed to another defendant, and no response is required.

62. The allegations of paragraph 62 of the Third-party Complaint are directed to another defendant, and no response is required.

### Count X – Equitable Contribution Against DBS

63. DBS and TTL incorporate by reference their responses to paragraphs 1 through 62 of the Third-Party Complaint as if fully set forth herein.

64. DBS and TTL deny the allegations set forth in paragraph 64 of the Third-Party Complaint.

65. DBS and TTL deny the allegations set forth in paragraph 65 of the Third-Party Complaint.

66. DBS and TTL deny the allegations set forth in paragraph 66 of the Third-Party Complaint.

67. The plaintiff is not entitled to recover compensatory or punitive damages, to injunctive relief, to a declaratory judgment, to a writ of mandamus, to an attachment, to

enforcement of any lien, to an award of indemnity or contribution, to an award of attorney's fees, expenses, costs, interest, or to any other relief.

68. All allegations of the Third-Party Complaint not heretofore admitted, denied, or explained, are hereby denied, put at issue, and strict proof thereof demanded where material.

### THIRD AFFIRMATIVE DEFENSE

The third-party plaintiff has not suffered all or part of the injuries alleged.

### FOURTH AFFIRMATIVE DEFENSE

All or part of the injuries allegedly sustained by the third-party plaintiff was caused by the fault of the third-party plaintiff, or to the extent plaintiff's and third-party plaintiff's allegations are proven, by RFM Development Company, HZ Kirkwood DST, W.R. Newman & Associates, Inc. and its subcontractors presently unknown, Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates, Bernard L. Weinstein & Associates, LLC, and/or such other persons or entities that designed or performed defective work, or failed to perform work on the Project, or failed to maintain the Project, which actions or failures to act caused or contributed to the alleged damages. Liability for any injuries must be apportioned in accordance with the doctrine of comparative fault.

### FIFTH AFFIRMATIVE DEFENSE

DBS and TTL further rely upon the doctrine of modified comparative fault and aver to the extent that the proof in this cause establishes that the third-party plaintiff engaged in negligent or wrongful conduct related to the basis of its claim and that such conduct caused or contributed to the damage that is the subject of this action, then the fault of the third-party plaintiff must be taken into account and any award must be barred or proportionately reduced.

## SIXTH AFFIRMATIVE DEFENSE

These third-party defendants violated no duty owed to the third-party plaintiff in contract, tort, or otherwise, and are not liable to the third-party plaintiff in the amount sued for or any amount.

## SEVENTH AFFIRMATIVE DEFENSE

The third-party plaintiff's claims are barred by the Doctrine of Federal Preemption.

## EIGHTH AFFIRMATIVE DEFENSE

The third-party plaintiff's claims are barred by the Doctrine of Obstacle Preemption.

## NINTH AFFIRMATIVE DEFENSE

The third-party plaintiff's duties under the Americans with Disabilities Act and the Fair Housing Act are non-delegable, and third-party plaintiff is barred shifting liability for alleged breaches of said duties to third-party defendants.

## TENTH AFFIRMATIVE DEFENSE

To the extent demonstrated by the proof, all or part of the third-party plaintiff's claims are barred by the applicable statutes of limitation and/or statute of repose.

## ELEVENTH AFFIRMATIVE DEFENSE

All or part of the third-party plaintiff's claims are barred by failure to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of third-party plaintiff against these third-party defendants are precluded and barred by the independent intervening acts, or failures to act, of other parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

All or part of the third-party plaintiff's claims are barred by the Doctrine of Assumption of Risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent facts are developed that justify reliance thereon, DBS and TTL plead and rely upon the defenses of estoppel, laches, release, illegality and waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Upon present information and belief, original plaintiff may lack standing to bring her claims, in whole or in part, because at the time of her visit, plaintiff (1) did not intend to lease a unit at, or otherwise return to, the Property, (2) may not have incurred a concrete and particularized injury, and/or (3) may not have used a wheelchair or been otherwise handicapped. Additionally, plaintiff may lack standing to bring her claims, in whole or in part, to the extent plaintiff's allegations relate to areas of the Property and units that Plaintiff did not visit.

## SIXTEENTH AFFIRMATIVE DEFENSE

Upon present information and belief, original plaintiff's claims may be moot, in whole or in part, because plaintiff (1) does not intend to lease a unit at, or otherwise return to, the Property, and/or (2) may not be using a wheelchair or be otherwise handicapped. Additionally, plaintiff's claims may be moot, in whole or in part, to the extent that any of the alleged accessibility barriers have been, or will be, remedied.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Original plaintiff's claims are barred by 42 U.S.C § 3613(a)(1)(A) because the construction of the Property was completed by at least October 31, 2021.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Original plaintiff's claims are barred because any acts undertaken by the defendants with respect to the alleged accessibility barriers were not undertaken with discriminatory intent.

## NINETEENTH AFFIRMATIVE DEFENSE

Original plaintiff's claims are barred because third party defendants' conduct in connection with the Property was not a cause (including but not limited to proximate cause) of any of the alleged accessibility barriers.

## TWENTIETH AFFIRMATIVE DEFENSE

On information and belief, original plaintiff's claims are barred by 42 U.S.C § 3604(f)(4) because the Property complied with the appropriate requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people (commonly cited as "ANSI A117.1) when final completion was achieved. Plaintiff's claims are also barred because the Property otherwise complied with 42 U.S.C § 3604(f)(3)(C) and 24 C.F.R. § 100.205 when final completion was achieved.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Upon present information and belief, original plaintiff's claims may be barred because the alleged accessibility barriers do not materially impair Plaintiff's use of the Property for its intended purpose.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Original plaintiff's claims are barred, in whole or in part, to the extent avoiding the alleged accessibility barriers was not feasible, practical, and/or would have imposed an undue financial or administrative burden.

## TWENTY THIRD AFFIRMATIVE DEFENSE

Original plaintiff's claims, including the request for declaratory and injunctive relief, are barred, in whole or in part, to the extent remediation (if any is deemed necessary by the Court) of

the alleged accessibility barriers is infeasible, impracticable or would impose an undue financial or administrative burden.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

Upon present information and belief, original plaintiff may have failed to mitigate her damages by seeking timely and appropriate treatment for her alleged injuries.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages is barred because defendants' actions (if any) with respect to the alleged accessibility barriers were not made with an evil motive or intent, or with reckless or callous indifference to the rights protected by 42 U.S.C §§ 3601-3619 (the "FHA").

## TWENTY SIXTH AFFIRMATIVE DEFENSE

DBS and TTL are entitled to recovery of their attorneys' fees and costs pursuant to 42 U.S.C § 3613(c)(2) to the extent original plaintiff's claims are frivolous, unreasonable, and groundless, and/or made in bad faith.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

DBS & Associates Engineering, Inc. and TTL, Inc. state that their investigation into this matter is not complete, and specifically reserve the right to allege any further defenses, crossclaims, counter-claims, or third-party claims that may become evident as the investigation into this matter progresses.

WHEREFORE, PREMISES CONSIDERED, DBS & Associates Engineering, Inc. and TTL, Inc. deny they are liable to the third-party plaintiff in the amount sued for or any amount and pray to be dismissed from this cause with costs taxed to third-party plaintiff.

Respectfully submitted:

LEWIS THOMASON, P.C.


By: *s/David N. Garst*
    David N. Garst, Esq., BPR No. 12084
    424 Church Street, Suite 2500
    Nashville, TN  37219
    dgarst@lewisthomason.com
    (615) 259-1366

    *Attorneys for DBS & Associates Engineering, Inc. and TTL, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 14th day of August, 2024, a copy of the foregoing Answer has been delivered to all parties at interest in this cause by placing a copy of same in the United States mail, postage prepaid, in a properly addressed envelope, or by delivering same to each party or party's attorney as follows:

| Method | Party | Method | Party |
|---|---|---|---|
| ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☒ EFS<br>☐ E-mail | Eric G. Calhoun<br>1595 North Central Expressway<br>Richardson, TX 75080<br>*Attorney for Plaintiff* | ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☒ EFS<br>☐ E-mail | M. Todd Sandahl, Esq.<br>4525 Harding Road, Suite 105<br>Richardson, TX 75080<br>*Attorney for Plaintiff* |
| ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☒ EFS<br>☐ E-mail | Erin Palmer Polly, Esq.<br>K&L Gates, LLP<br>501 Commerce Street, Suite 1500<br>Nashville, TN 37203<br>*Attorney for HZ Kirkwood DST* | ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☒ EFS<br>☐ E-mail | Craig Leen (*pro hac vice*)<br>K&L Gates LLP<br>1601 K Street, NW<br>Washington, DC 20006<br>*Attorney for HZ Kirkwood DST* |
| ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☒ EFS<br>☐ E-mail | Brian M. Dobbs<br>150 Third Avenue South<br>Suite 2800<br>Nashville, TN 37201<br>*Attorney for Kirkwood Place, LLC and RFM Development Company* | ☐ Hand<br>☐ Mail<br>☐ Fax<br>☐ FedEx<br>☒ EFS<br>☐ E-mail | Thomas B. Hall<br>Sherrard Roe Voigt & Harbison, PLC<br>150 3rd Avenue South, Suite 1100<br>Nashville, TN 37201<br>*Attorney for W.R. Newman & Associates, Inc.* |

                                        *s/David N. Garst*

9665267