IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **CYNTHIA GEORGE,** | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:23-cv-01218 |
| **KIRKWOOD PLACE, LLC, RFM DEVELOPMENT COMPANY, W.R. NEWMAN & ASSOCIATES, INC., and HZ KIRKWOOD DST,** | ) **Chief Judge Waverly D. Crenshaw, Jr.** ) **Magistrate Judge Alistair Newbern** ) ) **JURY DEMAND** |
| Defendants, | ) |
| - and – | ) |
| **KIRKWOOD PLACE, LLC,** | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| **BERNARD L. WEINSTEIN d/b/a BERNARD L. WEINSTEIN & ASSOCIATES, BERNARD L. WEINSTEIN & ASSOCIATES, LLC, DBS & ASSOCIATES ENGINEERING, INC., and TTL, INC.,** | ) |
| Third-Party Defendants. | ) |

**ANSWER OF THIRD-PARTY DEFENDANTS BERNARD L. WEINSTEIN D/B/A BERNARD L. WEINSTEIN & ASSOCIATES AND BERNARD L. WEINSTEIN & ASSOCIATES, LLC TO THIRD-PARTY COMPLAINT**

COME NOW the Third-Party Defendants Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates and Bernard L. Weinstein & Associates, LLC (hereinafter collectively referred to as "Weinstein"), and for their Answer to the Third-Party Complaint that has been

filed against them in this action by Defendant/Third-Party Plaintiff Kirkwood Place, LLC (hereinafter "KPL"), would state as follows

## FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim against which relief can be granted as to Weinstein.

## SECOND AFFIRMATIVE DEFENSE

To the extent demonstrated by the proof, all or part of the Third-Party Plaintiff's claims are barred by the applicable statutes of limitation and/or statute of repose.

## THIRD AFFIRMATIVE DEFENSE

At all times material to the allegations in the Third-Party Complaint, Weinstein performed its services on the project fully, properly, and in accordance with the applicable standard of care, thus barring Third-Party Plaintiff's right of action against Weinstein as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff has not suffered all or part of the injuries alleged.

## FIFTH AFFIRMATIVE DEFENSE

All or part of the injuries allegedly sustained by the Third-Party Plaintiff was caused by the fault of the Third-Party Plaintiff, or to the extent Plaintiff's and Third-Party Plaintiff's allegations are proven, by RFM Development Company, HZ Kirkwood DST, W.R. Newman & Associates, Inc. and its subcontractors presently unknown, DBS and TTL, and/or such other persons or entities that designed or performed defective work, or failed to perform work on the Project, or failed to maintain the Project, which actions or failures to act caused or contributed to

the alleged damages. Liability for any injuries must be apportioned in accordance with the doctrine of comparative fault.

### SIXTH AFFIRMATIVE DEFENSE

Weinstein further relies upon the doctrine of modified comparative fault and aver to the extent that the proof in this cause establishes that the Third-Party Plaintiff engaged in negligent or wrongful conduct related to the basis of its claim and that such conduct caused or contributed to the damage that is the subject of this action, then the fault of the Third-Party Plaintiff must be taken into account and any award must be barred or proportionately reduced.

### SEVENTH AFFIRMATIVE DEFENSE

Weinstein violated no duty owed to the Third-Party Plaintiff in contract, tort, or otherwise, and is not liable to the Third-Party Plaintiff in the amount sued for or any amount.

### EIGHTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff's claims are barred by the Doctrine of Federal Preemption.

### NINTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff's claims are barred by the Doctrine of Obstacle Preemption.

### TENTH AFFIRMATIVE DEFENSE

The Third-Party Plaintiff's duties under the Americans with Disabilities Act and the Fair Housing Act are non-delegable, and Third-Party Plaintiff is barred from shifting liability for alleged breaches of said duties to Third-Party Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

All or part of the Third-Party Plaintiff's claims are barred by failure to mitigate damages.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Third-Party Plaintiff against these Third-Party Defendants are precluded and barred by the independent intervening acts, or failures to act, of other parties.

## THIRTEENTH AFFIRMATIVE DEFENSE

All or part of the Third-Party Plaintiff's claims are barred by the Doctrine of Assumption of Risk.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent facts are developed that justify reliance thereon, Weinstein pleads and relies upon the defenses of estoppel, laches, release, illegality and waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

Upon present information and belief, original Plaintiff may lack standing to bring her claims, in whole or in part, because at the time of her visit, Plaintiff (1) did not intend to lease a unit at, or otherwise return to, the Property, (2) may not have incurred a concrete and particularized injury, and/or (3) may not have used a wheelchair or been otherwise handicapped. Additionally, Plaintiff may lack standing to bring her claims, in whole or in part, to the extent Plaintiff's allegations relate to areas of the Property and units that Plaintiff did not visit.

## SIXTEENTH AFFIRMATIVE DEFENSE

Upon present information and belief, original Plaintiff's claims may be moot, in whole or in part, because Plaintiff (1) does not intend to lease a unit at, or otherwise return to, the Property, and/or (2) may not be using a wheelchair or be otherwise handicapped. Additionally, Plaintiff's claims may be moot, in whole or in part, to the extent that any of the alleged accessibility barriers have been, or will be, remedied.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Original Plaintiff's claims are barred by 42 U.S.C § 3613(a)(1)(A) because the construction of the Property was completed by at least October 31, 2021.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Original Plaintiff's claims are barred because any acts undertaken by the defendants with respect to the alleged accessibility barriers were not undertaken with discriminatory intent.

### NINETEENTH AFFIRMATIVE DEFENSE

Original Plaintiff's claims are barred because Defendants' and/or Third-Party Defendants' conduct in connection with the Property was not a cause (including but not limited to proximate cause) of any of the alleged accessibility barriers.

### TWENTIETH AFFIRMATIVE DEFENSE

On information and belief, original Plaintiff's claims are barred by 42 U.S.C § 3604(f)(4) because the Property complied with the appropriate requirements of the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people (commonly cited as "ANSI A117.1") when final completion was achieved. Plaintiff's claims are also barred because the Property otherwise complied with 42 U.S.C § 3604(f)(3)(C) and 24 C.F.R. § 100.205 when final completion was achieved.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Upon present information and belief, original Plaintiff's claims may be barred because the alleged accessibility barriers do not materially impair Plaintiff's use of the Property for its intended purpose.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Original Plaintiff's claims are barred, in whole or in part, to the extent avoiding the alleged accessibility barriers was not feasible, practical, and/or would have imposed an undue financial or administrative burden.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Original Plaintiff's claims, including the request for declaratory and injunctive relief, are barred, in whole or in part, to the extent remediation (if any is deemed necessary by the Court) of the alleged accessibility barriers is infeasible, impracticable or would impose an undue financial or administrative burden.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Upon present information and belief, original Plaintiff may have failed to mitigate her damages by seeking timely and appropriate treatment for her alleged injuries.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's request for punitive damages is barred because Defendants' actions (if any) with respect to the alleged accessibility barriers were not made with an evil motive or intent, or with reckless or callous indifference to the rights protected by 42 U.S.C §§ 3601-3619 (the "FHA").

### TWENTY-SIX AFFIRMATIVE DEFENSE

Weinstein is entitled to recovery of its attorneys' fees and costs pursuant to 42 U.S.C § 3613(c)(2) to the extent original Plaintiff's claims are frivolous, unreasonable, and groundless, and/or made in bad faith.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

And now, without waiving any of the above defenses, Weinstein would respond to the specific allegations of the Third-Party Complaint as follows:

1. Weinstein is without sufficient information to admit or deny the allegations of Paragraph 1, and demands strict proof thereof.

2. The allegations of Paragraph 2 are admitted.

3. The allegations of Paragraph 3 are admitted.

4. The allegations of Paragraph 4 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

5. The allegations of Paragraph 5 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

6. The allegations of Paragraph 6 are admitted upon information and belief.

7. The allegations of Paragraph 7 are admitted upon information and belief.

8. The allegations of Paragraph 8 are admitted.

9. The allegations of Paragraph 9 are admitted.

10. The allegations of Paragraph 10 are denied as stated.

11. The allegations of Paragraph 11 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

12. The allegations of Paragraph 12 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

13. The allegations of Paragraph 13 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

14. In response to the allegations of Paragraph 14, Weinstein would state that the Plaintiff's Complaint speaks for itself, and to the extent the allegations of Paragraph 14 are inconsistent with the allegations in the Plaintiff's Complaint, said allegations are denied. By way of further response, Weinstein denies any and all allegations in the Plaintiff's Complaint that allege, infer, or imply wrongdoing on the part of Weinstein.

15. Weinstein is without sufficient information to admit or deny the allegations of Paragraph 15, and demands strict proof thereof. By way of further response, Weinstein denies any and all allegations in Plaintiff's expert witness report which allege, infer, or imply wrongdoing on the part of Weinstein.

16. To the extent the allegations of Paragraph 16 allege, infer, or imply wrongdoing on the part of Weinstein, said allegations are denied.

17. Weinstein incorporates by reference its responses to Paragraph 1 through 16 of the Third-Party Complaint as if set forth fully hereinafter.

18. The allegations of Paragraph 18 are admitted.

19. Weinstein is without sufficient information to admit or deny the allegations of Paragraph 19, and demands strict proof thereof.

20. The allegations of Paragraph 20 are denied as stated.

21. The allegations of Paragraph 21 are denied.

22. To the extent the allegations of Paragraph 22 allege, infer, or imply wrongdoing on the part of Weinstein, said allegations are denied.

23. The allegations of Paragraph 23 are denied.

24. Weinstein incorporates by reference its responses to Paragraph 1 through 23 of the Third-Party Complaint as if set forth fully hereinafter.

25-30. The allegations of Paragraphs 25 through 30 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

31. Weinstein incorporates by reference its responses to Paragraph 1 through 30 of the Third-Party Complaint as if set forth fully hereinafter.

32. In response to the allegations of Paragraph 32, it is admitted only that Weinstein had a common law duty to perform its services on the Project in accordance with the applicable standard of care. All remaining allegations of Paragraph 32 are denied.

33. The allegations of Paragraph 33 are denied.

34. To the extent the allegations of Paragraph 34 allege, infer, or imply wrongdoing on the part of Weinstein, said allegations are denied.

35. The allegations of Paragraph 35 are denied.

36. Weinstein incorporates by reference its responses to Paragraph 1 through 35 of the Third-Party Complaint as if set forth fully hereinafter.

37-40. The allegations of Paragraphs 37 through 40 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

41. Weinstein incorporates by reference its responses to Paragraph 1 through 40 of the Third-Party Complaint as if set forth fully hereinafter.

42. In response to the allegations of Paragraph 42, Weinstein admits only that it had a common law duty to perform its services on the Project in accordance with the applicable standard of care. All remaining allegations of Paragraph 42 are denied.

43. The allegations of Paragraph 43 are denied.

44. To the extent the allegations of Paragraph 44 allege, infer, or imply wrongdoing on the part of Weinstein, said allegations are denied.

45. The allegations of Paragraph 45 are denied.

46. Weinstein incorporates by reference its responses to Paragraph 1 through 45 of the Third-Party Complaint as if set forth fully hereinafter.

47-50. The allegations of Paragraphs 47 through 50 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

51. Weinstein incorporates by reference its responses to Paragraph 1 through 50 of the Third-Party Complaint as if set forth fully hereinafter.

52. The allegations of Paragraph 52 are denied.

53. The allegations of Paragraph 53 are denied.

54. The allegations of Paragraph 54 are denied.

55. Weinstein incorporates by reference its responses to Paragraph 1 through 54 of the Third-Party Complaint as if set forth fully hereinafter.

56-58. The allegations of Paragraphs 56 through 58 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

59. Weinstein incorporates by reference its responses to Paragraph 1 through 58 of the Third-Party Complaint as if set forth fully hereinafter.

60. The allegations of Paragraph 60 are denied.

61. The allegations of Paragraph 61 are denied.

62. The allegations of Paragraph 62 are denied.

63. Weinstein incorporates by reference its responses to Paragraph 1 through 62 of the Third-Party Complaint as if set forth fully hereinafter.

64-66. The allegations of Paragraphs 64 through 66 are not directed toward Weinstein, and therefore, no response is required of Weinstein. To the extent a response is required, said allegations are denied for lack of knowledge.

AND NOW, having fully answered, Weinstein denies each and every allegation of the Third-Party Complaint not previously addressed, denies that it caused or contributed to the Plaintiff's alleged damages, denies that it caused or contributed to the Third-Party Plaintiff's alleged damages, denies that it is liable to the Third-Party Plaintiff in any sum or sums, and prays that this action be dismissed with costs taxed to the Third-Party Plaintiff.

Respectfully submitted,


 /s/ Jefferson C. Orr
Jefferson C. Orr, TN BPR No. 12743
SMITH CASHION & ORR, PLC
3100 West End Avenue
Suite 800 – One American Center
Nashville, TN  37203
(615) 742-8565 – Tel
jorr@smithcashion.com
*Attorney for Third-Party Defendants Bernard L. Weinstein d/b/a Bernard L. Weinstein & Associates and Bernard L. Weinstein & Associates, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been forwarded if registered, via the Court's electronic filing system, or, if not registered, sent via regular United States Mail, postage prepaid to the following:

Eric G. Calhoun
Calhoun & Associates
1595 N. Central Expressway
Richardson, TX 75080
(214) 766-8100 – Tel
eric@ecalhounlaw.com
*Attorney for Plaintiff Cynthia George*

M. Todd Sandahl
234 First Avenue South
Franklin, TN 37064
(615) 794-3450 – Tel
tsandahl@mtslaw.com
*Co-Counsel for Plaintiff Cynthia George*

Brian M. Dobbs
Bass, Berry & Sims, PLC
150 Third Avenue South
Suite 2800
Nashville, TN 37201
(615) 742-7884 – Tel
bdobbs@bassberry.com
*Attorney for Defendant/Third-Party Plaintiff Kirkwood Place, LLC and Defendant RFM Development Company*

Thomas B. Hall
Sherrard Roe Voigt & Harbison, PLC
1600 West End Ave.
Suite 1750
Nashville, TN 37203
(615) 742-4200 –Tel
thall@srvhlaw.com
*Attorney for Defendant W.R. Newman & Associates, Inc.*

Erin Palmer Polly
K&L Gates, LLC
501 Commerce St.
Suite 1500
Nashville, TN 37203
(615) 780-6733 – Tel
Erin.polly@klgates.com
*Attorney for Defendant HZ Kirkwood DST*

Craig Leen
K&L Gates, LLP
1601 K Street, NW
Washington, DC 20006
(202) 778-9000 – Tel
Craig.leen@klgates.com
*Co-Counsel for Defendant HZ Kirkwood DST*

David N. Garst
Lewis Thomason, P.C.
424 Church St., Ste. 2500
P.O. Box 198615
Nashville, TN 37219
(615) 259-1366 – Tel
dgarst@lewisthomason.com
*Attorney for Third-Party Defendants DBS & Associates Engineering, Inc. and TTL, Inc.*

This 30th day of August, 2024.

/s/ Jefferson C. Orr